PbahsoN, ;0. J1
• The petitioner, Jesse Sowers, ’filed his bid for carrying the .Confederate States mail on Route No. 2222, between Thomasville- and'Shady G-rove in the State of North Carolina — fourteen miles long, stating, in his application that he vea then- a soldier in the Confederate Army, which bid, with’ this assurance, ’ was accepted by ihe Post Onice Cepjvrizuoat, and heywas mmt- rnd brigade. dii charge^ by the ofiicem Hi¿ bonds were accepted and ao put in charge of the mail, Which he‘hr.9 been carrying from -ha 1st chyoi duly up to ihé tima oí his arrest. .
The Act of April X4tb# '.SSS, mareta, “ That the contrae--tors for carrying the mr.il. of the Confodcirt-e States rihall Se 'exsrapt from porformhnec of military duty in. the armies of the Confederate 2'Mos &czs. and Nh:' ihe passage of this-’act, during the time they t„re erch contractor; provided, that no more than one contractor shall be exempt *460 on any route, and • that no more than one ínémber of any firm of contractors snail . be exempt, and-no contractor ca any route of less than ten miles in length, and on which the mail is carried on horse, shall be exempt under this act;, and if one or more members of any firm be exempt from age or other cause from the performance of military duty, the other member, or members of such firm, shall not be exempt by this act on account of being mail contractors and provided further, that no person to whom a contract for carrying the mails may be transferred, with ‘the consent of the Pest Office Department, after the passage of this act, shall be exempt from military service on that account.” , ' t
' The question is, does this act embrac^ persons who are' . in the military service of the. Confederate States ?' so that ' a soldier is at liberty to becóiA a bidder for a mail contract,, and if ho obtains it, giv.esnóond and enters upon the performance of the contract, he is exempted from military service, or-, is the operation of the act confined to persons who are not in the military service ? Upon this question there seems to be a conflict between 'the Departnyant of War and the Pos^office., The one insists, that -the act extends to all persons who may choose to bid — the policy being to have as much competition as possible, and in that way get the mail-service performed'for .thelowest amounts., Th,e. other, that the act does not" include persons who are enrolled as conscripts, and certainly not those in actual military service. The courts are not at' liberty to enter into a discussion of this political question, Our dufy is to ascertain, by fixed rules-of law, the' intention of the lawmaker, from the words they have selected to express it.
. In this. case', the words are general. What is then to control them, ánd except from tf:eil' meaning persons who have • been enrolled or .are actually in military sorvice ? There is no,proviso to that effect.- It is said this should *461 be, supplied from the’use of the words “'exempted” — which we aro toldan military circles is confined to .persons not in service, the word “.discharge” being used h\ reference to. those who are in the service. Exempted is not a technical term, and'as is said by Judge Haliburton, of the District Court of the. Cdn federate States, in the.matter of Lane, and by myseifin the matter of Bradshaw, in its ordinary signification, its meaning Is “to take out, of or from,” “to free from” any s.ervipe, or ’burden to which others are sub-j-eet — to exempt from-military service ; to.exempt from taxation. It is. a settled rule of'construction that, words in a statute, are to be t.rken in their ordinary signification, ' unless there be something in the suhject matter, or in the cowtext,'to áhow they were used in a different, sense. ,TJie courts cannot require members of Congress to take notice of a distinction which may obtain in'the War Department or among gentlemen*of the army,' and to conform to it, by saying, all persons, ndt in the army or enrolled as con.scripts, becoming mail co'ntr actors, shall be ‘exempted,’, and fhose who are ir.- the.army or'have been enrolled as . conscripts, shall be “discharged” — in order to express the intention to free from military -service all mail contractors. It -is sufficient if words be used which in their ordinary sig- ■ nification'express ’that intention — if so the Courts must give effect to it. There'is nothing'in the nature of the subject, of which the Courts can take notice, aúd nothing in the context to/control the general words*
. The-cases of Ir-vin, Meroney and Bryan, as. to the corn struction of t#e Conscription Act — the cases of Guyer and others, as to the construction of the Exemption Act, llt-h Pet., 1862, support this conclusion — for in those cases special considerations, growing out of the nature of the subject, and the- contexts are ' relied on and held sufficient .to control the general words. Here there are no. special cir-cumstancés apd the general words stand- by tjiemselves and must he allowed their full effect. The decision of Judge-' *462 Haliburton in tlie matter of Lane, referred» to. above, is an authority directly in point — -the very, question is decided— save that this ease goes a little further, because the petitioner proves tlie additional fact, that after being accepted as a mail contractor he' was dischargéd from the army by the proper'military authority — but I lay no stress on this circumstance and base my decision,, on the 'general principle. The decision of;Judge Meredith in the 'matter of Br<joking,-that a soldier in the army who is,made a justice of the peace and duly .qualified as such is exempted; also supports my conclusion; and likewise my decision in the matter of Bradshaw, in which .it is' held that a constable, although iii the'.army, is ,exempted • by the Act of May, 1862,' and the claim of the Governor in pursuance.thereq^J to have sexempted/all constables,” is as necessary for the due administration of the laws of. the State, and the reasom ing in which it is put, support the conclusion that the petitioner is exempted by law. . ■ ■
It is, therefore, considered'by me that the petitioner,. Jesse Sowers, is entitled to exemption from service in. the Confederate army, and it is adjudged by me. that he be discharged with leave to go wheresoever he will. It is ordered that Lieut. J; A. Little pay 'the cost to .'be taxed by the Clerk of Davidson Superior Court, • th^£ the papers be filed in, the office of the • said' Clerk, and that the. Clerk give copies to the parties. •.
Done at Salisbury, N. C., Feb. 20, 1864.
b: M.' PEAKSON, Ch. J. S. C.